UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>KASEY CHARLES HAWORTH,<br>    *Defendant*. | No. 3:23-cr-205 (JAM) |

**ORDER OF INCOMPETENCY AND COMMITMENT OF DEFENDANT TO CUSTODY OF ATTORNEY GENERAL FOR HOSPITALIZATION AND TREATMENT**

Defendant Kasey Charles Haworth is charged with using interstate communications to make threats to injure another person, in violation of 18 U.S.C. § 875(c). Following a competency evaluation and hearing, I conclude that Haworth is not competent to stand trial. He has a serious mental illness that causes him to have delusional beliefs preventing him from properly assisting in his defense. Pursuant to 18 U.S.C. § 4241(d), Haworth shall be committed to the custody of the Attorney General for hospitalization and treatment at a suitable facility for a period of not more than four months in order to determine if he may become competent for trial.

**BACKGROUND**

Haworth was arrested in November of 2023 on five counts of transmitting interstate threats of harm to another person.[1] Specifically, he allegedly posted on the website X (formerly called "Twitter") five messages threatening to kill, burn, and mutilate two individuals.[2]

In December 2023, the Court granted the parties' joint motion for a competency evaluation.[3] The Court appointed Dr. David Lovejoy, a board-certified neuropsychologist who has performed more than 100 competency evaluations.[4]

---

[1] *See* Docs. #10, #15.
[2] Doc. #15 at 1-3 (¶¶ 1-5).
[3] Doc. #34.
[4] *Ibid.*

1

Dr. Lovejoy conducted an examination of Haworth and produced a detailed report for the Court's review.[5] He also discussed his findings and conclusions at a competency hearing on June 20, 2024. The following reflects the substance of his report and testimony.

Dr. Lovejoy reviewed Haworth's records and met multiple times with Haworth and also consulted with his parents and his former defense attorney. As an initial matter, Dr. Lovejoy determined that Haworth was not malingering or exaggerating his views, and that he has a composite IQ in the above-average range. Dr. Lovejoy concluded that Haworth also understands the nature and possible consequences of the criminal charges against him, as well as the roles of the judge, jury, prosecutor, and defense counsel.

Notwithstanding Haworth's high intellectual functioning and his ability to understand the nature of the instant proceedings, Dr. Lovejoy concluded that Haworth has certain false, fixed beliefs. These include the following beliefs: (a) that he is the second coming of Jesus Christ and the product of an immaculate conception rather than the child of his biological parents; (b) that he is an alien like Superman, a belief he considers confirmed by the fact that Superman was raised by farmers and Haworth grew up in a town called Farmington; (c) that he is soon to be appointed the head of both the FBI and the CIA; (d) that there is a superyacht known as "The Spartan" that is being constructed for him; and (e) that the world is a "fated simulation" in which certain persons are played by aliens and outcomes are pre-destined or fated. According to Dr. Lovejoy, Haworth wishes to present these fixed beliefs to the jury at trial as his defense and wants a like-minded defense attorney to advance this defense.

Dr. Lovejoy concluded from Haworth's medical history and current presentation that he suffers from a psychotic disorder. The best diagnostic fit is Delusional Disorder, Grandiose

---

[5] Doc. #42.

Type, First Episode currently in Acute Episode, though there is also diagnostic overlap with Schizophrenia and possibly with Substance Induced Psychotic Disorder.

Dr. Lovejoy concluded that Haworth is not competent to stand trial. Although Haworth understands the nature and consequences of the proceedings against him, he has a mental illness resulting in delusional beliefs that prevent him from properly assisting in his own defense.

## DISCUSSION

The Due Process Clause requires that a defendant be competent to stand trial. *See United States v. Bent*, 654 F. App'x 11 (2d Cir. 2016) (citing *United States v. Arenburg*, 605 F.3d 164, 168 (2d Cir. 2010)).[6] A defendant is not competent if he lacks the capacity "to understand the nature and object of the proceedings against him, to consult with counsel, and to assist in preparing his defense." *Arenburg*, 605 F.3d at 168 (quoting *Drope v. Missouri*, 420 U.S. 162, 171 (1975)). "Although these requirements are constitutional in nature, Congress has seen fit to express them in a statute as well," *id.* at 169, requiring a court to declare a criminal defendant incompetent if it finds, by a preponderance of the evidence, "that the defendant is presently suffering from a mental disease or defect rendering him . . . unable to understand the nature and consequences of the proceedings against him or to assist properly in his defense," 18 U.S.C. § 4241(d).

I credit the report and testimony of Dr. Lovejoy that Haworth is by reason of a serious mental illness unable to assist properly in his defense because of his fixed, delusional beliefs. As Dr. Lovejoy explained, Haworth insists that his defense at trial be based on these delusional beliefs. Moreover, even if I assume that Haworth's belief that he is the second coming of Jesus Christ is not necessarily false (insofar as this belief might be characterized as a tenet of faith as

---

[6] Unless otherwise noted and for ease of reading, this ruling omits all internal quotations, brackets, and derivative citations for all quotations from cases.

3

distinct from an assertion of fact), the belief still prevents Haworth from properly assisting in his defense because Haworth's divine status would not be a cognizable defense to the charges in this case. Likewise, it would not be a cognizable defense even if Haworth were correct that he will soon be appointed to head the CIA and FBI.

In sum, Haworth is not competent to stand trial because his mental illness causes him to insist on the presentation of delusional beliefs and futile defenses, thus rendering him unable to assist properly in his own defense. *See United States v. Zedner*, 29 F. App'x 711 (2d Cir. 2002) (affirming finding of incompetence based on defendant's delusionary beliefs that prevented him from properly assisting in his defense).

## CONCLUSION

For the reasons stated above, the Court finds by a preponderance of evidence that defendant Kasey Charles Haworth by reason of a mental disease or defect is not competent to stand trial. Pursuant to 18 U.S.C. § 4241(d)-(e), it is hereby ordered:

1. Haworth is committed to the custody of the Attorney General for hospitalization and treatment.

2. The Attorney General shall hospitalize Haworth for treatment in a suitable facility that is as close as reasonably possible to Connecticut.

3. Haworth shall be hospitalized for such a period of time, not to exceed four months, as is necessary to determine whether there is a substantial probability that in the foreseeable future he will attain the capacity to permit the proceedings to go forward.

4. On further motion of the government and order of the Court, Haworth may be hospitalized for an additional reasonable period of time until: (a) his mental condition is so improved that trial may proceed, provided the Court finds that there is a

substantial probability that within this additional period he will attain the requisite capacity; or (b) the pending charges against him are disposed of according to law—whichever is earlier.

5. If, at the end of the time period specified, Haworth's mental condition has not so improved as to permit the proceedings to go forward, he is subject to the provisions of 18 U.S.C. §§ 4246 and 4248.

6. When the director of the facility where Haworth is hospitalized determines that he has recovered to such an extent that he is able to understand the nature and consequences of the proceedings against him and to assist properly in his defense, the director shall promptly file a certificate to that effect with the Clerk of the Court. The Clerk shall send a copy of the certificate to Haworth's counsel and to the attorney for the government, at which point this Court shall hold another hearing to determine Haworth's competence.

It is so ordered.

Dated at New Haven this 24th day of June 2024.

/s/ *Jeffrey Alker Meyer*
Jeffrey Alker Meyer
United States District Judge